UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Issac Lamin Jalloh (1), and<br>Sallu Dion Sarjoh (2),<br><br>    Defendants. | Case No. 23-cr-75 (SRN/TNL)<br><br>**ORDER** |

Allison Kim Ethen and Jordan L. Sing, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

James S. Becker, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant Issac Lamin Jalloh); and

George R. Dunn, Tilton Dunn Gross P.L.L.P., 101 East Fifth Street, Suite 2220, St. Paul, MN 55101 (for Defendant Sallu Dion Sarjoh).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several pretrial motions.

Defendant Issac Lamin Jalloh has filed the following motions:[1]

  1. Motion for Pretrial Disclosure of 404 Evidence, ECF No. 43;

  2. Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 44;

  3. Pretrial Motion for Discovery and Inspection, ECF No. 45;

---

[1] The Court notes that Defendant Issac Lamin Jalloh has reached a plea agreement with the Government and a change-of-plea hearing is set for July 11, 2023. ECF No. 55. In light of 18 U.S.C. § 3161(h)(1)(H), the Court has ruled on Defendant Jalloh's pending motions, which were taken under advisement on June 7, 2023. ECF No. 54.

1

4.  Pretrial Motion to Disclose and Make Informant Available for Interview, ECF No. 46;

5.  Motion for Early Disclosure of Jencks Act Material, ECF No. 47; and

6.  Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 48.

Defendant Sallu Dion Sarjoh has filed the following motions:

1.  Motion for Discovery and Inspection, ECF No. 32;

2.  Motion to Disclose Post Conspiracy Statements of Co-Defendant and Unindicted Co-Conspirator, ECF No. 33;

3.  Motion for Brady Material, ECF No. 34;

4.  Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 35;

5.  Pretrial Motion for Disclosure of Grand Jury Minutes and Transcript, ECF No. 36;

6.  Motion for Early Disclosure of Jencks Act Materials, ECF No. 37;

7.  Motion for Disclosure of Giglio Material, ECF No. 38; and

8.  Motion to Retain and Not Destroy Rough Notes, Notes, Photographs, Memoranda, and/or Other Items Relating to This Case, ECF No. 39.

The Government also filed a Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 23.

These motions were scheduled to be heard by the undersigned on June 13, 2023. ECF No. 42 at 3. The parties subsequently requested that the hearing be cancelled, and the motions be decided on the papers. ECF No. 51. The hearing was stricken, and the motions were taken under advisement. ECF No. 54.

Based upon the record and memoranda, **IT IS HEREBY ORDERED** that:

1. Defendant Jalloh's Motion for Pretrial Disclosure of Rule 404 Evidence, ECF No. 43, and Defendant Sarjoh's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 35, are **GRANTED IN PART** and **DENIED IN PART**.

Defendants request that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence it intends to offer at trial pursuant to Rule 404." ECF No. 43; *see also* ECF No. 35 at 1. The Government states that it "is aware of its Rule 404 disclosure obligations and will fully comply with those obligation[s]" and will provide "reasonable notice in advance of trial." Gov't's Resp. to Def. Jalloh's Motions, ECF No. 50 at 1-2; Gov't's Resp. to Def. Sarjoh's Motions, ECF No. 49 at 4-5. The Government proposes that the Court order any Rule 404(b) evidence be disclosed no later than 14 days before trial. *Id*. In email correspondence with the Court, Defendants Jalloh and Sarjoh agreed with the Government's proposal that 404(b) evidence be disclosed no later than 14 days before trial.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid.

3

404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ."  *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."  *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16."  Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Consistent with the parties' agreement, no later than 14 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."  Fed. R. Evid. 404(b)(3)(B). Defendants' motions are otherwise denied.  If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon

as practicable after such discovery.  *See* Fed. R. Evid. 404(b)(3)(C).

2. Defendant Jalloh's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 44, Defendant Sarjoh's Motion for Brady Material, ECF No. 34, and Defendant Sarjoh's Motion for Disclosure of Giglio Material, ECF No. 38, are **GRANTED IN PART** and **DENIED IN PART**.

Defendants seek disclosure of evidence favorable to them under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.  ECF No. 44 at 1; ECF No. 34 at 1-2; ECF No. 38 at 1.  The Government responds that it is aware of its discovery obligations under *Brady, Giglio*, and their progeny, and that it has complied and will continue to comply with its obligations.  Gov't's Resp. to Def. Jalloh's Motions, ECF No. 50 at 2; Gov't's Resp. to Def. Sarjoh's Motions, ECF No. 49 at 3-4.  The Government objects to Defendants' requests to the extent they go beyond those discovery obligations.  *Id*.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment."  *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87).  Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'"  *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)).  "One reason for this extension

5

to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendants' motions and requests for information are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. While the Court is not ordering the

6

Government to disclose Jencks Act materials early, *see* 18 U.S.C. § 3500(b); *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998), the Court encourages the parties to disclose such materials no later than three days before trial. *See infra* ¶ 5.

To the extent Defendants seek discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such requests are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendants seek the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3. Defendant Jalloh's Pretrial Motion for Discovery and Inspection, ECF No. 45, and Defendant Sarjoh's Motion for Discovery and Inspection, ECF No. 32, are **GRANTED IN PART** and **DENIED IN PART**.

Defendants generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. *See generally* ECF Nos. 32, 45. This includes expert witness disclosures. ECF No. 45 at 3; ECF No. 32 at 2 (citing Fed. R. Evid. 702, 703, & 705). Defendants further request that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that their counsel be notified. ECF No. 45 at 3; ECF No. 32 at 2. The Government responds that it has no objection to providing Rule 16 discovery to Defendants to the extent that their requests for discovery comport with the provisions of Rule 16. Gov't's Resp. to Def. Jalloh's Motions, ECF No. 50 at 3-4; Gov't's Resp. to Def. Sarjoh's

Motions, ECF No. 49 at 1-2.

Defendants' motions are granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. Defendants' motions are further granted in part to the extent their discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendants seek information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, their motions are denied. *See Johnson*, 228 F.3d at 924.

4.      Defendant Jalloh's Pretrial Motion to Disclose and Make Informant Available for Interview, ECF No. 46, is **DENIED AS MOOT**.

Defendant Jalloh requests that the Court order the Government to disclose the identity of any informant(s) utilized by the Government in this case; to make any such informant(s) available for interview by his attorneys; and to disclose the prior criminal convictions of any such informant(s). ECF No. 46. The Government states that it is "not aware of any evidence in this case that was obtained from informants." Gov't's Resp. to Def. Jalloh's Motions, ECF No. 50 at 4. Thus, the Government requests that Defendant Jalloh's motion be denied as moot. *Id*.

8

In light of the Government's representation that it did not utilize any informants in this case, the Court denies Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview as moot.

5.      Defendant Jalloh's Motion for Early Disclosure of Jencks Act Material, ECF No. 47, and Defendant Sarjoh's Motion for Early Disclosure of Jencks Act Materials, ECF No. 37, are **DENIED**.

Defendants seek early disclosure of Jencks Act materials. ECF No. 47 at 1-2; ECF No. 37 at 1-3. Defendant Jalloh requests that such materials be disclosed at least three days prior to the commencement of trial, and Defendant Sarjoh requests that such materials be disclosed at least 30 days prior to the commencement of trial. ECF No. 47 at 1; ECF No. 37 at 1. The Government objects to any order requiring early disclosure but states it will disclose Jencks Act materials voluntarily no later than three days prior to trial, so long as the Defendants agree to do so as well. Gov't's Resp. to Def. Jalloh's Motions, ECF No. 50 at 4-5; Gov't's Resp. to Def. Sarjoh's Motions, ECF No. 49 at 5-6.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of [his] testimony.

*Green*, 151 F.3d at 1115; *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted);

*accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996).

Accordingly, Defendants' requests for early disclosure of Jencks Act materials are denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than three days before trial per the Government's proposal.

6.  Defendant Jalloh's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 48, and Defendant Sarjoh's Motion to Retain and Not Destroy Rough Notes, Notes, Photographs, Memoranda, and/or Other Items Relating to This Case, ECF No. 39, are **GRANTED**.

Defendants request an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken and evidence seized as part of their investigation. ECF No. 48 at 1; ECF No. 39 at 1. The Government does not object to the retention of rough notes and evidence, but objects to any order requiring the disclosure of such notes and evidence. Gov't's Resp. to Def. Jalloh's Motions, ECF No. 50 at 5; Gov't's Resp. to Def. Sarjoh's Motions, ECF No. 49 at 6-7.

Defendants' requests for the retention of rough notes and evidence are granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter. The Court is not ordering the Government to disclose any such materials.

7.  Defendant Sarjoh's Motion to Disclose Post Conspiracy Statements of Co-Defendant and Unindicted Co-Conspirator, ECF No. 33, is **DENIED IN PART** to the extent Defendant Sarjoh seeks disclosure under Federal Rule of Criminal Procedure 16 and

10

is **DENIED WITHOUT PREJUDICE IN PART** as premature to the extent Defendant Sarjoh seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and *Bruton*, Defendant Sarjoh moves "for an Order [c]ompelling the government to give notice and disclose intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any defendant or unindicted co-conspirator, together with a designation of which statement or confession the government plans to so utilize." ECF No. 33 at 1. Defendant Sarjoh also seeks "leave to file motions for severance, suppression, and/or in limine" based on those disclosures. *Id*.

The Government contends that such statements are covered by the Jencks Act. Gov't's Resp. to Def. Sarjoh's Motions, ECF No. 49 at 2. The Government objects to Defendant Sarjoh's motion to the extent he seeks to limit the Government's ability to offer co-conspirator statements into evidence at trial where such statements do not violate the Confrontation Clause. *Id*. The Government states that it does not object to Defendant Sarjoh's motion to the extent he requests *Bruton* disclosures. *Id*. The Government proposes to make such disclosures 14 days prior to trial. *Id*.

Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy. It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Defendant Sarjoh's motion

11

insofar as he seeks pretrial disclosure of statements or confessions of any co-defendant or unindicted co-conspirator pursuant to Rule 16.

*Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")). Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial).

At this juncture, it is not clear what evidence the Government will actually seek to introduce at trial and whether any *Bruton* issues will in fact arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of evidentiary issues, and any appropriate responsive measures, are matters best left to the

sound discretion of the district court at trial. Accordingly, to the extent Defendant Sarjoh seeks relief under *Bruton*, his motion is denied without prejudice as premature.

To the extent post-conspiracy statements of any co-defendant or unindicted co-conspirators are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*, No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn. June 15, 2018).

8. Defendant Sarjoh's Pretrial Motion for Disclosure of Grand Jury Minutes and Transcript, ECF No. 36, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant Sarjoh seeks disclosure of the minutes and transcripts of the grand jury. ECF No. 36. He states that the transcript is needed "to show that grounds exist to support a motion to dismiss the Indictment because of matters occurring before the grand jury" and "for the purpose of impeaching the prosecution witnesses, to refresh their recollection, and to test their credibility." *Id*. The Government objects to any order requiring disclosure of grand jury testimony but agrees to provide the grand jury testimony of any witness who will testify at trial no later than three days before the witness' expected testimony date. Gov't's Resp. to Def. Sarjoh's Motions, ECF No. 49 at 5.

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Federal Rule of Criminal Procedure Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837,

840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Defendant Sarjoh has not made any showing of particularized need. Therefore, Defendant Sarjoh's motion is denied except to the extent the Government is required to disclose such materials under the Jencks Act; Federal Rules of Criminal Procedure 12(h) and 26.2; and *Brady*, *Giglio*, and their progeny. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curium) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Boyles*, 37 F.3d at 1318.

9. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 23, is **GRANTED**. This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. In email correspondence with the Court, the parties agreed to make their principal expert disclosures no later than 28 days before trial and any rebuttal expert disclosures no later than 14 days prior to trial.

Accordingly, consistent with the parties' agreement and in the event that this matter proceeds to trial, *see supra* n.1, no later than 28 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 14 days prior to trial, the parties shall

make any rebuttal expert disclosures.

10. All prior consistent orders remain in full force and effect.

11. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: June __23__, 2023                          *s/ Tony N. Leung*
                                                 Tony N. Leung
                                                 United States Magistrate Judge
                                                 District of Minnesota


                                                 *United States v. Jalloh et al.*
                                                 Case No. 23-cr-75 (SRN/TNL)